UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
184 IRVING REALTY CORP.,                                     :
                                                             :
                              Plaintiff,                     :     **ORDER GRANTING**
                                                             :     **MOTION FOR SUMMARY**
          -against-                                          :     **JUDGMENT**
                                                             :
UNITED NATIONAL SPECIALTY                                    :     CV-05-1943 (BMC)(JMA)
INSURANCE COMPANY,                                           :
                                                             :
                              Defendant.                     :
                                                             :
------------------------------------------------------------ X

**COGAN, District Judge**.

      This is an insurance coverage action in which plaintiff alleges that it obtained a property and casualty insurance coverage policy from defendant and that defendant, in breach of the policy, refused to cover a personal injury claim that was brought against plaintiff. Plaintiff's original counsel was disbarred; his successor counsel failed to comply with Court Orders or to respond to defendant's summary judgment motion, and then, after he was sanctioned, was granted leave to withdraw; and plaintiff's third counsel was granted leave to withdraw when he was diagnosed with a serious illness. The Court advised plaintiff that as a corporation, it had to appear through counsel, but plaintiff has failed to have new counsel appear within the time period set by the Court. The Court therefore will consider defendant's pending summary judgment motion as unopposed, as it previously advised plaintiff it would do if plaintiff failed to appear through counsel.

      Defendant's motion for summary judgment is granted on two grounds. First, the policy was cancelled before the accident in question. Although plaintiff's president conclusorily asserted in his deposition that plaintiff had not received the notice of cancellation, plaintiff's insurance broker confirmed that he had received a copy, that he had discussed it with plaintiff, that he received the returned premium and applied it to

plaintiff's outstanding balance with the broker, and he and plaintiff had tried unsuccessfully to get the policy reinstated. Moreover, defendant has shown that the notice of cancellation was in fact mailed to plaintiff in the ordinary course of business as part of its standard office practices, and plaintiff has produced no evidence to overcome the presumption of mailing that arises from that. The record shows that the conclusory denial of receipt by plaintiff's counsel raises only a feigned, not genuine, issue of fact, and is therefore insufficient to defeat summary judgment.

Second, defendant has demonstrated that the only notice of claim that it received concerning the underlying accident litigation was through the commencement of this litigation, some seven months after plaintiff received the summons and complaint in the accident litigation. Under all of the New York cases, this amount of notice is untimely as a matter of law and cannot trigger a coverage obligation. See, e.g., Heydt Contracting Corp. v. American Home Assur. Co., 146 A.D.2d 497, 536 N.Y.S.2d 770 (1st Dep't 1989). Plaintiff's belatedly-raised assertion that it in fact sent a notice letter about three months after the accident is insufficient. That amount of time is still too long. Moreover, plaintiff has failed to create a presumption of mailing, as the record contains no evidence that the letter was created or mailed as part of its standard business practices, and the record is undisputed that defendant never received such a letter.

Accordingly, defendant's motion for summary judgment is granted. The Clerk is directed to enter judgment and to mail a copy of this Order and the judgment to plaintiff pro se.

**SO ORDERED.**

                                          s/Brian M. Cogan
                                               U.S.D.J.

Dated: Brooklyn, New York
       July 22, 2007